STATE of Iowa, Plaintiff-Appellee,

v.

Britton J. KELLEY, Defendant-Appellant.

No. 84–273.

Court of Appeals of Iowa.

Sept. 25, 1984.

Charles Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and Rebecca L. Claypool, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

Defendant appeals from the sentence imposed on his guilty plea conviction of operating a motor vehicle while intoxicated, as defined in Iowa Code section 321.281 (1983). Defendant claims that the sentencing court did not properly exercise its discretion in denying his request for a deferred judgment. We vacate the sentence and remand for resentencing.

 Our review of criminal proceedings is ordinarily on assigned error and not de novo. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975). The determination of whether to grant a deferred judgment lies within the trial court's discretion. *See* Iowa Code § 901.5. We will not inter-fere unless the defendant demonstrates an abuse of discretion or a defect in the sentencing procedure such as trial court consideration of impermissible factors. *State v. Wright,* 340 N.W.2d 590, 592 (Iowa 1983).

Iowa Code section 907.5 lists the criteria which the trial court should consider when deciding whether a deferred judgment, deferred sentence, or suspended sentence is appropriate. The statute provides in part:

> Before deferring judgment, deferring sentence, or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination the court shall consider the age of the defendant; the defendant's prior record of convictions and prior record of deferments of judgment if any; the defendant's employment circumstances; the defendant's family circumstances; the nature of the offense committed; and such other factors as are appropriate.

In *State v. Jackson,* 204 N.W.2d 915 (Iowa 1973), all of the judges of a judicial district had adopted a rule setting the minimum sentence for convictions for operating a motor vehicle while intoxicated. The supreme court held that the rule was invalid. *Id.* at 917. The court stated that by setting fixed policies regarding sentencing the judges had abdicated their responsibility to exercise discretion in each individual case. *Id.*

In *State v. Hildebrand,* 280 N.W.2d 393, 394 (Iowa 1979), the defendant was convicted of OMVUI after driving into a parked car. At sentencing the trial court denied her request for a deferred sentence stating, "I have the policy that when there is an accident involved, I do not and will not grant a deferred sentence." *Id.* at 395. The supreme court vacated the sentence and remanded for resentencing. *Id.* at 397. The court observed that the occurrence of

an accident was relevant as an attending circumstance. *Id.* However, the court concluded:

> In the case before us it is plain the sentencing court, instead of considering the minimal essential factors we consistently have identified, impermissibly selected only one—an attending circumstance—which triggered the court's previously-fixed sentencing policy. It is equally clear the court's personal, well-defined rule precluded the exercise of its discretion in rendering judgment. *See Jackson,* 204 N.W.2d at 917.

*Id.* at 396.

Finally, in *State v. Dvorsky,* 322 N.W.2d 62, 67 (Iowa 1982), the trial court in sentencing a defendant convicted of involuntary manslaughter to incarceration remarked that the reason for the sentence was that a person had been killed. The supreme court held that while the nature of the offense was a factor to be considered, it should not be determinative. *Id.* The sentencing court should not have refused to exercise its discretion by focusing solely on the loss of life which is a necessary element of every manslaughter conviction. *Id.*

In the present case, in its order denying defendant's request for a deferred judgment, the trial court stated:

> The Court has considered defendant's request for deferred judgment. The Court frequently considers such factors as limited financial means, limited intelligence, immaturity, and other factors of a similar nature as qualifying factors for deferred judgment. Defendant also felt eligible for deferred judgment because of his hope to become involved as a law enforcement officer for some agency. Defendant seems of normal intelligence and of average maturity. He seems to have no unusual disabilities financial or otherwise, and the fact he aspires to be a law enforcement officer would be described as a "two-edged sword." In other words, he may feel he is eligible for deferred proceedings, but prospective employers and members of the public at large who would be in contact with a prospective law enforcement officer would probably feel negatively about his request. The Court deems a deferred judgment to be inappropriate and his request is denied.

Thus, the main reason the trial court expressed for denying a deferred sentence was that defendant was in no way disabled. While the defendant's age and physical, mental, and financial condition might be relevant factors to consider, the trial court should not focus exclusively on those factors. Persons of "normal intelligence" and "average maturity" should not automatically be disqualified from receiving a deferred judgment without an evaluation of their employment circumstances, family circumstances, prior convictions or deferments of judgment, the nature of the offense, and other factors which might indicate whether a deferred judgment would in each particular case provide the greatest chance for rehabilitation of the defendant and protection of the community. The trial court's denial of a deferred judgment primarily because defendant was not impaired or handicapped in some way reveals a fixed policy of refusing to consider deferments for average citizens. Under the rationale of *Jackson, Hildebrand,* and *Dvorsky,* this policy is an impermissible abrogation of the trial court's responsibility to exercise its discretion in sentencing.

Therefore, we vacate the sentence imposed and remand for resentencing. We give no opinion as to what the sentence should be.

VACATED AND REMANDED FOR RESENTENCING.