# IN THE COURT OF APPEALS OF IOWA

No. 13-1574
Filed July 16, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**CHAD RYAN TANNAHILL,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.


　　　　Chad Ryan Tannahill appeals his judgment and sentence for several crimes entered in two separate cases. **AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Carlyle Dalen, County Attorney, and Nichole Benes and Steve Tynan, Assistant County Attorneys, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

Chad Ryan Tannahill appeals his judgment and sentence for several crimes entered in two separate cases. Tannahill contends (A) his attorney was ineffective in failing to object to the State's sentencing recommendation in one of the cases, (B) the district court abused its discretion in sentencing him, and (C) the district court improperly failed to consider his ability to reimburse the State for legal assistance.

## I.    *Background Proceedings*

In one of two cases,[1] the State charged Tannahill with second-degree criminal mischief in connection with damage to a vehicle. In the same case, the State also charged Tannahill with second-degree kidnapping and domestic abuse assault impeding normal breathing, following an altercation with his girlfriend. Tannahill entered a written guilty plea to second-degree criminal mischief, a class "D" felony, and domestic abuse assault impeding normal breathing, an aggravated misdemeanor.[2] Under the terms of the plea agreement, the prosecutor was to "recommend a sentence of up to 5 years in prison, fully suspended, to run concurrently with the sentence of two years for the aggravated misdemeanor, fully suspended, and a suspended minimum fine."

At the guilty plea proceeding, the prosecutor characterized the agreement on the aggravated misdemeanor charge as follows:

> Count III, domestic assault impeding normal breathing, *one year in jail with all but 30 days suspended*, credit for time already served, placed on probation for two years with placement at Beje Clark. As a condition of probation, complete a substance abuse evaluation,

---

[1] The merits of the second case are not at issue in this appeal.
[2] The charge of second-degree kidnapping was dismissed.

complete Batterer's Education Program, a suspended fine, pay restitution, if any, to the victim, and the recommendations for that sentence to run concurrent with Count II in that case.

(Emphasis added.) The prosecutor's characterization was inconsistent with the written plea agreement, which stated the recommended sentence on the aggravated misdemeanor count was "two years . . . fully suspended."

At the sentencing hearing, a different prosecutor again characterized the sentence on the aggravated misdemeanor count as "one year, slash, 30." The prosecutor sought confirmation from Tannahill's attorney about what this language meant. Meanwhile, the district court noted that the written plea referred to "two years, all suspended, to run concurrently." Tannahill's attorney agreed with the court's statement. At this point, the prosecutor stated:

As that is the plea agreement outlined in paragraph 12 [of the written plea agreement] and because the [placement at a residential center] would basically make the 30 days moot anyway, the State follows our understanding of the plea agreement of two years, fully suspended, with two years probation and the condition of [residential placement], substance abuse evaluation and follow-through, the batterers education program, again, with the suspended mandatory minimum fine, which I believe is $625 for that charge.

After listening to the prosecutor's statement, the district court imposed sentence. The court declined to suspend either of the sentences and ordered Tannahill to serve prison terms not exceeding five years on the criminal-mischief count and two years on the aggravated-misdemeanor count, with the sentences to be served concurrently. The court also ordered the sentences served consecutively to prison terms imposed in the second case. This appeal followed.

## II.  Analysis

*A.  Whether counsel was ineffective in failing to object to the State's sentencing recommendations.*

Tannahill first argues his attorney was ineffective in failing to object to the prosecutor's affirmation of the sentence recommended in the written plea (suspended indeterminate two year prison term), as opposed to the sentence recommended by the prosecutor at the plea proceeding (one year jail term with all but thirty days suspended).  Implicit in his argument is a belief that the sentencing recommendation at the plea proceeding was more favorable than the sentencing recommendation in the written plea.  The State counters that the record is inadequate to determine the nature of the plea agreement.  The State asks us to preserve this ineffective-assistance-of-counsel claim for postconviction relief.

The State is correct that ineffective-assistance claims are generally preserved for postconviction relief unless the record is adequate to address the claims on direct appeal.  *State v. Horness*, 600 N.W.2d 294, 297-98 (Iowa 1999).  In the breach-of-plea-agreement context, the record has been deemed adequate where it clearly reveals the agreement reached by a defendant.  *Id.*; *see also State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

Tannahill's plea agreement is not clear.  First, the written plea agreement sets forth a different sentencing recommendation than the prosecutor articulated at the plea proceeding.  Second, Tannahill's attorney did not object to the prosecutor's oral rendition, even though it called for some jail time.  Third, during

the sentencing proceeding, Tannahill's attorney affirmed the sentencing recommendation contained in the written plea agreement.

If the prosecutor's oral rendition was more favorable to Tannahill than the written plea notwithstanding the thirty days of recommended jail time, Tannahill's trial attorney may have strategically decided not to object. But if that were the case, it is unclear why the attorney changed course at sentencing and opted to affirm the sentencing recommendation in the written plea rather than the prosecutor's oral rendition at the plea proceeding.

Counsel should have an opportunity to explain what he believed to be the plea agreement on the aggravated misdemeanor count, whether that agreement was modified during the plea proceeding, and whether the prosecutor breached the modified agreement by reverting to the recommendation in the written plea. *See State v. Shortridge*, 589 N.W.2d 76, 84 (Iowa Ct. App. 1998) (preserving ineffective-assistance-of-counsel claim for postconviction relief to allow counsel an opportunity to testify). We preserve this ineffective-assistance-of-counsel claim for postconviction-relief proceedings to afford the attorney that opportunity.

Tannahill also claims the State breached the plea agreement in addressing his request for a deferred judgment. He asserts counsel was ineffective in failing to object to the breach. We preserve this related claim for postconviction relief.

B.      *Whether the district court abused its discretion in sentencing.*

Tannahill claims the district court applied a fixed policy in declining to grant him a deferred judgment. A fixed policy is one that creates a rule based upon one factor to the exclusion of other relevant factors. *State v. Hildebrand*,

280 N.W.2d 393, 397 (Iowa 1979); *State v. Kelley*, 357 N.W.2d 638, 639 (Iowa Ct. App. 1984). Application of a fixed policy is impermissible. *Hildebrand*, 280 N.W.2d at 396.

We are not convinced the court applied a fixed policy in sentencing Tannahill. The court found a deferred judgment "appropriate" for people "who have very few, if any, prior criminal history in their record." The court went on to cite Tannahill's criminal history, the nature of his offenses, and other pertinent factors. The court properly exercised its discretion in sentencing Tannahill, and we discern no abuse of discretion. *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979).

Tannahill further contends the court failed to state reasons for imposing consecutive sentences. We conclude the court's reasons are apparent from its overall sentencing plan. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010).

*C.    Whether the district court abused its discretion in ordering payment of attorney fees.*

At sentencing, Tannahill's attorney advised the court of the attorney fees he had incurred. The district court ordered Tannahill to pay approximately ten percent of the fees, citing his limited ability to earn wages in prison. On appeal, Tannahill contends the court improperly failed to consider his ability to pay the attorney fees.

"[A] defendant who seeks to upset an order for restitution of court costs and attorney fees has the burden to demonstrate a failure of the trial court to exercise discretion or abuse of discretion." *State v. Storrs*, 351 N.W.2d 520, 522

(Iowa 1984). Tannahill cannot show a failure to exercise discretion because the district court explicitly considered his restricted earning capacity and reduced his payment obligation by ninety percent. Accordingly, we affirm the attorney-fee restitution order.

### III. *Disposition*

We affirm Tannahill's judgment and sentences.

**AFFIRMED.**