**IN THE COURT OF APPEALS OF IOWA**

No. 14-1778
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HEATHER DAWN JACKSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Gregory A. Hulse,

Judge.


        Heather Dawn Jackson appeals the district court's sentence for

possession of contraband on the grounds of a correctional facility.  **AFFIRMED.**


        Misty D. White, Grinnell, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, Mike Jacobsen, County Attorney, and Scott Nicholson, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Heather Dawn Jackson appeals the district court's sentence for possession of contraband on the grounds of a correctional facility, in violation of Iowa Code sections 719.7(1), (3)(a), and (4) (2013). The district court imposed a suspended five-year sentence, two years of probation, fines, and costs. Jackson appeals the sentence claiming the district court abused its discretion by declining her request for a deferred judgment. We affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a) and (d).

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724.

"The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Iowa Rule of Criminal Procedure 2.23(3) requires a trial court to state on the record its reasons for selecting a particular sentence. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607

N.W.2d 679, 690 (Iowa 2000) (citations omitted). A sentencing court must actually apply its discretion. *State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973). The court must exercise its discretion without application of a personal, inflexible policy relating only to one consideration. *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979); *State v. Kelley*, 357 N.W.2d 638, 640 (Iowa Ct. App. 1984). The sentencing court should engage in an independent consideration in each case and reject the use of fixed policies. *State v. Hager*, 630 N.W.2d 828, 834 (Iowa 2001).

Jackson claims the district court judge "imposed a personal inflexible standard" centering on her failure to "step-up" and address past substance issues. The court reasoned:

> In determining the appropriate sentence, I have considered the defendant's age, her prior record, the fact that she does not have any reported prior deferred judgments, her employment circumstances, family circumstances, her medical condition, the nature of the offense and all other information contained in the presentence investigation report. I have considered all of this information, including recommendations by the State and by defendant's counsel, in light of protection to the community from further offenses by this defendant and what sentence will provide maximum opportunity for her rehabilitation.
>
> I have further considered any treatment, physical or mental, drug or other, which she may need. The court in its consideration has seen that defendant has been able on at least one time in the past to fulfill the requirements of a probation. However, I'm troubled by the fact that this defendant has had problems with substance abuse for a lengthy period of time. Those issues have been addressed in the past. They were addressed during her probation previously. During that time she failed to address those substance abuse issues by failing to go to treatment.
>
> The court believes that is an important part of any decision concerning a request for a deferred judgment in this case. Defendant has simply not stepped up to that. These are—this is a serious charge that is, introducing a banned substance onto the ground of a correctional facility, in this case a jail. I don't believe

under the facts and circumstances of this case that a deferred judgment is warranted.

The record shows the court considered multiple factors, including Jackson's history of substance abuse.  We find the court's reasoning does not evidence a "fixed policy."  The district court did not abuse its discretion and we affirm Jackson's sentence.

**AFFIRMED.**