# IN THE COURT OF APPEALS OF IOWA

No. 16-1930
Filed July 6, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JEFFREY ALLAN KIRK,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder,

Judge, (plea) and Peter B. Newell, District Associate Judge (sentencing).


     The defendant challenges his sentence after pleading guilty to sexual

exploitation of a minor, in violation of Iowa Code sections 728.12(3) and 903B.2

(2012).  **SENTENCE VACATED AND REMANDED.**


     Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


     Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Jeffery Kirk pled guilty to sexual exploitation of a minor, in violation of Iowa Code sections 728.12(3) and 903B.2 (2011). He was sentenced to an indeterminate prison term not to exceed two years. Kirk challenges his sentence.

Our review is for the correction of legal error. *See* Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not disturb the sentence imposed by the district court absent an abuse of discretion or defect in the sentencing procedure. *See Formaro*, 638 N.W.2d at 724–25.

Kirk raises two challenges to his sentence. He first argues the district court abused its discretion in relying on just a single factor in imposing sentence—the nature of the offense. He contends the district court employed a fixed sentencing policy rather than making an individualized sentencing determination. At sentencing, the district court gave the following reasons for the sentence:

> **THE COURT:** . . . Mr. Kirk, I've had a chance to review the Presentence Investigation; again, that's a very exclusive review of your life. I have had a chance to review the Psychosexual Evaluation. I have had a chance to consider the recommendations of the Department of Correctional Services. Mr. Kirk, I think that there are some crimes that are so serious that it's not appropriate even for someone that doesn't have a prior criminal history to receive a Deferred Judgment. I think that this is one of those crimes. The crime is the exploitation—sexual exploitation of a minor. I think that in the Presentence Investigation they make their recommendation to insure community safety and, again, I think it is important sometimes that we as a community express how serious an offense is by the imposition of a prison sentence. I think that this is an appropriate case for that sanction.
>
> I am going to follow the recommendations of the State and the Department of Correctional Services. I think those are appropriate, well-thought-out sanctions. . . .

In imposing a sentence, the district court must actually exercise discretion. *State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973). "In applying its discretion the court should weigh and consider all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character, and propensity and chances for reform." *State v. Lachman*, No. 09-0630, 2010 WL 200819, at *1 (Iowa Ct. App. Jan. 22, 2010) (citing *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999)). "The court must exercise its discretion without application of a personal, inflexible policy relating only to one consideration." *Id.* (citing *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979) and *State v. Kelley*, 357 N.W.2d 638, 640 (Iowa Ct. App. 1984)).

The application of a fixed sentencing policy constitutes the failure to exercise discretion, which we treat as an abuse of discretion for the purposes of appellate review. For example, in *Hildebrand*, the defendant pleaded guilty to operating under the influence. 280 N.W.2d at 394. The district court denied the defendant's request for a deferred sentence, stating, "I have the policy that when there is an accident involved, I do not and will not grant a deferred sentence." *Id.* at 395. On appeal, the supreme court held the fixed policy precluded the exercise of the sentencing court's discretion and remanded the matter for resentencing. *See id.* at 397. Similarly, in *Lachman* the district court explained it would not grant the defendant's request for a deferred judgment because deferred judgments were appropriate for "people who maybe are young and have made a mistake or who might lose permanently some job or some benefits if they have judgment entered against them and who have otherwise clean records." 2010 WL 200819, at *2. This court held the district court's statements evidenced

a policy regarding deferred judgments, vacated the sentence, and remanded for resentencing. *See id.*

We conclude the district court failed to exercise its discretion in applying a fixed policy regarding the nature of the offense. The district court stated, "[T]here are some crimes that are so serious that it's not appropriate even for someone that doesn't have a prior criminal history to receive a deferred judgment." The district court then identified the offense by name without identifying any of the specific underlying facts and circumstances of the offense. In short, the district court made a categorical determination those convicted of sexual exploitation of a minor should not receive a deferred judgment. A categorical determination a defendant should not be eligible to receive a deferred judgment is a legislative determination. *See* Iowa Code § 907.3(1)(a) (identifying circumstances in which the sentencing court may not defer judgment); *Jackson*, 204 N.W.2d at 916–17. The offense at issue in this case is not one of the offenses the legislature has identified as deferred-ineligible. The defendant was eligible to receive a deferred judgment. As in *Hildebrand* and *Lachmann*, it was error to categorically exclude the possibility without making an individualized sentencing determination.

Kirk also argues the district court erred in assessing court costs against him for the charges dismissed as part of the plea agreement. The plea agreement was silent on the assessment of costs for the dismissed charges. Absent an agreement, a defendant cannot be required to pay court costs for dismissed charges. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). *But see State v. Smith*, No. 15-2194, 2017 WL 108309, at *4–5 (Iowa Ct. App. Jan. 11, 2017) (noting the relevant statutes allow the assessment of costs for

dismissed charges in a multi-count trial information). The State concedes the error.

For the above-stated reasons, we vacate the defendant's sentence and remand this matter for resentencing.

**SENTENCE VACATED AND REMANDED.**

Vogel, P.J., concurs; Doyle, J., concurs specially.

**DOYLE, Judge.** (concurring specially)

I concur with the majority's vacation of Kirk's sentence and remand for resentencing, but I am compelled to comment on the court costs issue. This case is similar to *State v. Johnson*, 887 N.W.2d 178 (Iowa Ct. App. 2016). There, Johnson contended the court entered an illegal sentence by requiring him to pay court costs associated with the dismissed counts, and requested that portion of the sentencing order be vacated and the case be remanded for a corrected sentencing order. *Johnson*, 887 N.W.2d at 180. Like here, the State agreed the court committed error in taxing court costs associated with the dismissed counts to Johnson and agreed a remand was necessary for correction of the sentencing order. *Id.* at 181.

> In cases such as this—where a defendant has been charged in one trial information with multiple criminal violations, pled guilty to some charges, and had others dismissed—there are three categories of costs: (1) those clearly attributable to the charges on which the defendant is convicted, (2) those clearly attributable to dismissed charges, and (3) those not clearly associated with any single charge. *See* [*State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991)]. A defendant may be assessed costs clearly attributable to the charges on which the defendant is convicted but may not be assessed costs clearly attributable to dismissed charges. *See id.* "Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant." *Id.*

*Johnson*, 887 N.W.2d at 181-82. In *Johnson*, we observed, "The fact that some counts were dismissed does not automatically establish that a part of the assessed court costs are attributable to the dismissed counts." *Id.* at 182. We have also observed that,

> allowing for the assessment of costs for dismissed charges in a multicount trial information would improve the administration of justice without material detriment to the criminal defendant. *Petrie* has proved to be an administrative burden without material benefit.

> In many cases, it is well-nigh impossible to determine which costs are associated with any particular count. *See, e.g., Commonwealth v. Soudani*, 165 A.2d 709, 711 ("We fail to perceive how the costs of prosecution in the instant case may be divided or apportioned between the first and second counts of the indictment."). In addition, in many (perhaps most) cases, the costs are indivisible.

*State v. Smith*, No. 15-2194, 2017 WL 108309, at *5 (Iowa Ct. App. Jan. 11, 2017).

The combined general docket report prepared by the district clerk of court on November 16, 2016, six days after Kirk filed his notice of appeal, shows a total of $754 in court costs accrued as of that date. The court costs Kirk accrued through the date of his sentencing were: a filing fee of $100, court reporting fees of $40 each for the guilty plea hearing and sentencing hearing, a sheriff's transportation fee of $224, a $250 civil penalty for a sex offense, and a $100 sexual abuse victim surcharge. These costs would have been the same even had the State not charged Kirk with the counts later dismissed. Moreover, the record shows none of the assessed charges are clearly attributable or discrete to the dismissed counts. Additionally, it is telling that Kirk makes no attempt to demonstrate that any of the taxed court costs in this case are not clearly attributable to the count to which he pled guilty; in fact, Kirk does not even claim he was over-assessed court costs. In this illegal sentence claim, it is up to Kirk to establish an over-assessment of court costs. *See Johnson*, 887 N.W.2d at 182. He has failed to do so. I conclude the total taxed court costs are clearly attributable to the count to which Kirk pled guilty and, therefore, are fully assessable to him.

To the extent Kirk suggests a *Petrie* apportionment is indicated, I disagree. *See Petrie*, 478 N.W.2d at 622 ("Fees and costs not clearly associated with any single charge should be assessed proportionally against the defendant. Since the defendant was only convicted on one of three counts he should be required to pay only one-third of these costs."). *Petrie* is distinguishable from the case at hand. In *Petrie*, it is clear fees and costs were incurred relative to the dismissed charges. *Id.* And apparently, although it is not clear from the opinion, there were fees and costs incurred that were not clearly associated with any particular charge, and it was those fees and costs that were to be assessed proportionally, i.e., at one-third, since Petrie pled guilty to one of three charges. *Id.* The *Petrie* court makes no suggestion that the court costs clearly attributable to the charge to which Petrie pled guilty should be automatically apportioned. *See also Smith*, 2017 WL 108309, at *4-5 (suggesting a *Petrie* apportionment is contrary to relevant statutes). As stated above, I find all the taxed court costs clearly attributable to the count to which Kirk pled guilty, so no apportionment is required on remand.

The judgment and sentencing order provides: "**Companion Charges.** Counts II—VII are dismissed with costs assessed to the defendant on motion of the State." On remand, striking the words "with costs assessed to the defendant" from the provision should be sufficient.[1]

---

[1] Citing Iowa Code section 814.20 (2013) ("The appellate court may . . . reduce the punishment, but shall not increase it."), the State suggests this court should exercise its authority to affirm the sentence as modified by striking the cost provision for all costs not solely attributable to Count I. For various administrative reasons, it is better that the modification be done at the trial court level.