# IN THE COURT OF APPEALS OF IOWA

No. 17-0738
Filed January 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHON SMYLES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

The defendant challenges his sentence for conspiracy to commit kidnapping in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Jonathon Smyles pleaded guilty to conspiracy to commit kidnapping in the third degree, in violation of Iowa Code sections 706.1(1)(a) and (b) and 706.3(1) (2015). The district court sentenced Smyles to an indeterminate term of incarceration not to exceed ten years. In this appeal, Smyles challenges his sentence, contending the district court abused its discretion in failing to suspend the sentence.

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Discretion expresses the notion of latitude." *State v. McNeal*, 897 N.W.2d 697, 710 (Iowa 2017) (Cady, C.J., concurring specially). This court will find an abuse of discretion only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *See Formaro*, 638 N.W.2d at 724. This standard is deferential to the sentencing court:

> Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review. Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.

*See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015).

As a general rule, the sentencing court should consider all pertinent matters, including, but not limited to, "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." State *v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). "The court must exercise its discretion without application of a personal, inflexible policy relating only to one consideration." *State v. Jackson*, No. 14-1778, 2015 WL 3625243, at *1 (Iowa Ct. App. June 10, 2015) (citing *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979) and *State v. Kelley*, 357 N.W.2d 638, 640 (Iowa Ct. App. 1984)).

Smyles contends the district court abused its discretion in imposing sentence. Specifically, Smyles seems to argue the district court abused its discretion by applying a fixed policy of requiring incarceration for this type of crime. In support of his claim, Smyles notes the district court stated during sentencing, "[I]t's my conclusion that a term of incarceration is necessary and mandated because of the type of crime." Smyles takes the district court's statement out of context.

When the entire proceeding is reviewed, it is clear the district court understood it had the discretion to suspend the sentence and exercised that discretion in a reasonable matter. The district court stated, "I am cognizant of the fact that you have pled guilty to a nonforcible felony, you do not have to go to prison." Importantly, and contrary to the defendant's apparent contention, the district court did not consider the nature of the offense, generally, in concluding incarceration was an appropriate sentence. Instead, the district court considered the specific facts and circumstances of this offense. For example, the district court stated, "I took your guilty plea, so I heard what you admitted to and what you did

in this case. And that's what I'm sentencing you on today and that's what I'm taking into consideration when I decide what is the right sentence." The district court made similar statements evincing consideration of the unique facts and circumstances of this case rather than enforcing a personal policy that incarceration is always appropriate for this offense, generally. It is also clear the district court considered other factors in addition to the nature of the crime. The district court considered Smyles' relatively young age, education, substance abuse history (or lack thereof), strong employment history, and lack of criminal record.

In sum, the core of the defendant's argument is he simply disagrees with the district court's exercise of discretion. This is not a ground for relief. *See, e.g.*, *State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) (noting that mere disagreement with sentencing decision is not a ground for relief).

We affirm the defendant's sentence.

**AFFIRMED.**