**STATE of Iowa, Appellee,**

v.

**Richard Dwayne JACKSON, Appellant.**

**No. 55467.**

Supreme Court of Iowa.

Feb. 21, 1973.

Gill, Dunkle, Beekley & McCormick, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Gary J. Altwegg, Harrison County Atty., for appellee.

UHLENHOPP, Justice.

The problem here is whether a district rule prescribing minimum sentences is valid.

A jury found Richard Dwayne Jackson guilty of operating a motor vehicle while under the influence of intoxicating liquor, first offense. The trial court held a hearing regarding sentence, revoked defend-

ant's driver's license for 120 days, and sentenced him to a fine of $300 and confinement in jail for 20 days. At that time the following general order was in effect, adopted by all of the judges of the particular judicial district:

## GENERAL ORDER

In all O.M.V.U.I. cases on a plea of guilty or conviction the penalty imposed will be a minimum sentence of imprisonment for twenty (20) days and a fine in the sum of $300.00. The foregoing must be understood as minimums.

Consideration bearing on suspension of a sentence of imprisonment and parole will depend in these as in other cases on the circumstances surrounding each individual case.

The foregoing policy is effective as to all sentences on and after January 3, 1972.

Defendant appealed, asserting that the sentence under the general order was erroneous. The order is plainly mandatory in its terms, except as to suspension of sentence which is not involved in the appeal.

The problem has two parts. Is the general order valid regarding minimum sentences? Did the trial court in fact sentence defendant under the order?

I. *Validity of Order.* Defendant challenges the validity of the general order on several grounds, but we find consideration of only one ground necessary—the essential conflict between the order and the relevant part of our statute, § 321.281, Code 1973:

Whoever operates a motor vehicle upon the public highways of this state while under the influence of an alcoholic beverage . . . shall, upon conviction or a plea of guilty, be punished for the first offense by a fine of not less than three hundred dollars nor more than one thousand dollars, or by impris-

onment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment. . . .

The legislature possesses the power to prescribe punishment for crime, including the upper and lower limits. Lewis v. State, 304 F.Supp. 116 (W.D. Okl.); In re Larsen, 44 Cal.2d 642, 283 P. 2d 1043, app. dismissed, 350 U.S. 928, 76 S.Ct. 312, 100 L.Ed. 811; Shellman v. State, 222 So.2d 789 (Fla.App.); Territory v. Yamamoto, 39 Haw. 556; People v. Meisenhelter, 381 Ill. 378, 45 N.E.2d 678; In re Callahan, 348 Mich. 77, 81 N.W.2d 669; People v. Whitney, 105 Mich. 622, 63 N.W. 765; Pinana v. State, 76 Nev. 274, 352 P.2d 824; Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897; State v. Jorjorian, 82 R.I. 334, 107 A.2d 468. When judges adopt a general order that a minimum penalty shall be different than a statute provides, they are changing the statute, for they are depriving themselves of the discretion to impose the minimum provided by the statute. As stated regarding a similar problem in Application of Frazzita, 147 N.Y.S.2d 11, 16–17 (Sup. Ct.):

The imposition of the same penalty for every traffic violation of the same classification whether a misdemeanor or infraction, under a predetermined fixed policy cannot satisfy a statutory requirement for the exercise of discretion.

There are many instances in which the Supreme Court and other courts are required to exercise discretion. Any such determination has long been recognized as requiring an actual exercise of judgment upon the part of the court. To do so necessitates a consideration by the court of the facts and circumstances which are necessary to make a sound, fair and just determination. The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion.

And as said in State v. Hultz, 106 Mo. 41, 51, 16 S.W. 940, 942:

"Discretion," when applied to public functionaries, has been defined to be "a power or right, conferred upon them by law, of acting officially in certain circumstances, according to the dictates of their own consciences, uncontrolled by the judgment or conscience of others." "Whenever a clear and well-defined rule has been adopted, not depending upon circumstances, the court has parted with its discretion as a rule of judgment. Discretion may be, and is, to a very great extent, regulated by usage, or by principles which courts have learned by experience will, when applied to the great majority of cases, best promote the ends of justice; but it is still left to the courts to determine whether a case is exactly like, in every color, circumstance, and feature," to those upon which the usage or principle is founded or in which it has been applied.

See also United States v. Daniels, 446 F.2d 967 (6 Cir.); People v. Lessard, 22 Mich. App. 342, 177 N.W.2d 208.

■ We hold that changing the minimum punishment constitutes legislating, which is beyond the power of the courts. The general order is therefore invalid to that extent. In so holding, we do not deprecate the understandable anxiety of these district judges about the carnage on the highways resulting from intoxication. But the penalty is for the legislature to prescribe, and the courts must abide the statute as written. Neither do we demean the efforts of judges, through conferences and studies, to broaden their knowledge about sentencing and thereby to reduce unwarranted discrepancies in sentences for the same offense on similar facts. A.B.A. Project on Standards for Criminal Justice,

Standards Relating to Sentencing Alternatives and Procedures, 7.1, 7.2, 7.3 (Approved Draft, 1968). But in the end no judge can abdicate his individual responsibility to pass sentence in each case according to his lights, within the statutory limits. Each judge must grapple with the facts and circumstances in the case before him and arrive at the sentence he regards as right. The sentencing function of judges is an arduous and a lonely one, but it is part of judging.

■ II. *General Order Followed Here?* Though the general order is invalid as to a fixed minimum, the sentence imposed here would not be erroneous if the trial court did not regard the order as binding and in fact did exercise its discretion. We have carefully examined the proceedings at sentencing, which disclose clearly that the trial court did consider the order binding. Indeed, the Attorney General candidly makes this statement on the first page of his brief:

Defendant was sentenced pursuant to a general order signed by the Harrison County District Judges providing that as a matter of policy in all O.M.V.U.I. cases the minimum sentence upon a plea of guilty or conviction would be imprisonment for twenty (20) days and a fine in the sum of $300.

We hold, therefore, that sentence was pronounced under an invalid general order, and that the case must be returned to district court for resentencing under the statute. We do not intimate what the sentence should be.

Reversed.

All Justices concur except MOORE, C. J., and REYNOLDSON, J., who take no part.