STATE of Iowa, Appellee,

v.

Michael Mark McKEEVER, Appellant.

No. 61749.

Supreme Court of Iowa.

March 21, 1979.

Timothy W. Shuminsky of Shuminsky & Shuminsky, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., J. Susan Allender, Asst. Atty. Gen., and Richard L. McCoy, Asst. Woodbury County Atty., for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

LARSON, Justice.

This defendant was originally charged with the crime of murder committed in 1977, which was before the effective date of the new Iowa Criminal Code. However, he elected under section 801.5(2), Code Supp. 1977, to proceed under the new act. A plea of guilty was entered to a reduced charge of involuntary manslaughter under new section 707.5, Code Supp.1977, which now carries a maximum imprisonment of two years, as compared to a maximum of eight years under the old statute. The trial court imposed the maximum sentence of two years, refusing to grant a deferred or suspended sentence, and the defendant appeals. Because of error in the sentencing proceedings, we remand for new sentencing in accordance with this opinion.

The defendant on appeal raises three issues, claiming that the trial court erred in (1) refusing to order a deferred or suspended sentence because of a personal view that these forms of disposition were inappropriate in cases of violence against the person; (2) in concluding that reduction of the charge eliminated the possibility of any judicial leniency in determining the sentence to be imposed; and (3) failing to fully inform him of the consequences of his guilty plea by not advising him that under the circumstances, the maximum penalty would be imposed.

I. *Refusing to grant deferred or suspended sentence.*

Responding to defendant's application for deferred or suspended sentence, the court said:

[W]hen this defendant was allowed to plead guilty to the aggravated misdemeanor of Manslaughter, the clemency that could be extended at this level was exhausted. Now, it is true there can be suspended or deferred sentences, and they are used for first offenders and they are used for people of this age, and this Court has used them where there is an offense against property, such as we've had breaking and entering, robbery cases which have resulted in deferred or suspended sentences.

In this case, the offense is not against property, but a life has been lost because of the commission of an unlawful act.

This statement by the trial court leaves little doubt that he considered a deferred or suspended sentence to be inappropriate in a case where a life has been taken. The issue here is whether such position is permissible. The defendant has a two-pronged attack: He argues alternatively that the disposition (1) constitutes legislation or (2) constitutes a failure to exercise the discretion vested in the trial court by the sentencing provisions of the Code. The State contends, on the other hand, that the court did exercise its discretion and that the quoted statement merely shows that the court considered the seriousness of the crime, as provided in section 907.5, Code Supp.1977, when determining whether or not to grant a request for a sentencing alternative.

The defendant's "legislation" argument is premised on the fact that suspended and deferred sentences are available for all offenses except those in certain categories not applicable here. He contends that trial court refused to consider such sentencing alternatives and that this had the effect of establishing a higher minimum punishment than that provided by the statute. This legal theory has support in two Iowa cases, *State v. Jackson*, 204 N.W.2d 915 (Iowa 1973) and *State v. Boston*, 233 Iowa 1249, 11 N.W.2d 407 (1943). In *Jackson*, the judges of a judicial district established a minimum sentence for conviction of OMVUI which was above the minimum set by the legislature. The court held "that changing the minimum punishment constitutes legislating, which is beyond the power of the courts." 204 N.W.2d at 917. During the course of its opinion, it emphasized the broad discretion with which the court is vested in sentencing. It then said that "[t]he court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *Id.* at 916. In *Boston*, the court found "an abuse of discretion in the [trial] court's refusal to consider defendant's application [for parole] because 'in all his experience on the bench he had never allowed a parole.'" (Emphasis omitted.) 233 Iowa at 1257, 11 N.W.2d at 411.

Section 907.5 sets out the considerations in determining whether or not to grant the deferred or suspended sentence requested. It provides that:

Before deferring judgment or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others. In making this determination the court shall consider the age of the defendant; the defendant's prior record of convictions and prior record of deferments of judgment if any; the defendant's employment circumstances; the defendant's family circumstances; the nature of the offense committed; and such other factors as are appropriate. The court shall file a specific written statement of its reasons for and the facts supporting its decision to defer judgment or to suspend sentence, and its decision on the length of probation.

Thus it is clear that the "nature of the offense" is one factor to be considered. However, *Jackson* and *Boston* established that the punishment must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative. In *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977), we said that:

The duty of a sentencing judge in every case is to consider available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant. Chapter 789A [now chapter 907] sets out guidelines to assist in this task.

When taken out of context, the statement of the trial court regarding his hesitancy to grant the request for alternative disposition might indicate that it failed to exercise its discretion, and that it imposed the sentence of imprisonment without due regard to other considerations. A review of the record, however, reveals that the court had before it several sources of information and that it considered other relevant factors, such as the presentence report, lack of positive response by the defendant as a juvenile offender, rehabilitative effects of incarceration as opposed to other alternatives, and protection of the community, as well as the nature of the offense. Such proceedings neither amounted to judicial legislation nor to a refusal to exercise trial court discretion.

We find that there was no error on the part of the trial court in this respect. Discussion of the matter of exercise of discretion is not necessary for disposition of this case, because we reverse and remand for resentencing under the following issue. However, discussion of the matter will be of some assistance in future proceedings in this case, and hopefully of some benefit to sentencing courts in others.

II. *Reduced charge as affecting disposition.*

■ In the language quoted above, the trial court said that "when this defendant was allowed to plead guilty to the aggravated misdemeanor of Manslaughter, the clemency that could be extended at this level was exhausted." It is not clear what was meant by this statement. Did he mean he could not consider alternatives to incarceration? Clearly under chapter 907, Code Supp.1977, he would have the authority to order such alternatives unless the case fell into the category of crime for which they were prohibited. No one here contends that this defendant was denied such leniency consideration by statute. If the court, on the other hand, meant that he *would* not consider alternatives, because of the fact that the defendant had entered a plea of guilty for a reduced charge, we must consider the recent case of *State v. Thompson,* 275 N.W.2d 370 (Iowa 1979). In *Thompson,* the defendant had originally been charged with second degree burglary but entered a plea of guilty to a reduced charge of third degree theft. The sentencing court stated that:

"It is the opinion of the court that a reduction of the charge from a class C felony to an aggravated misdemeanor does not justify the court's allowance of probation or deferred sentence."

We pointed out in that case that the problem did not involve the sentencing court's discretion under *State v. Peckenschneider,* 236 N.W.2d 344 (Iowa 1975), nor the duty of the trial court to consider all relevant factors in the exercise of its sentencing discretion under *State v. Kendall,* 167 N.W.2d 909 (Iowa 1969). Rather, the problem is that in such circumstances a more severe sentence might be imposed merely because of the fact that a higher charge had been filed—not because the higher charge had been established. In *Thompson* we said that:

A sentencing court *may,* within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved *if* the facts before the court showed the accused committed the higher crime or the defendant admits it—whether or not the prosecutor originally charged the higher crime. . . .
A sentencing court *may not,* however, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime *unless* the facts before the court show the accused committed the higher crime or the defendant admits it—even if the prosecutor originally charged the higher crime

and reduced the charge. The controlling consideration is whether the accused in fact committed the higher crime, not whether the prosecutor originally charged it.

*Thompson,* 275 N.W.2d at 372. In this case, there was not merely a lack of proving the higher offense, but also an affirmative finding by the trial court that as to the elements of the more serious offense, voluntariness was not present. At sentencing the court said in part that:

> [F]or there to be a murder, there has to be the intent to kill, and it was never present here. And when the testimony was taken from the various witnesses . . . it developed that this was an accidental death, in the Court's opinion, that arose from an unlawful act . . . . And I therefore permitted the plea to the included—rather, to the lesser offense of Involuntary Manslaughter.

The finding of the court that certain elements of the higher offense were not present makes the reference to the reduction of charges here even more suspect than in *Thompson,* where the court made no finding one way or the other whether the facts to substantiate a higher charge were present.

We conclude that the case must be reversed and remanded for resentencing on this basis, at which time the sentencing court may give weight to the nature of the offense committed or of a higher offense only to the extent that they are established by the evidence presented.

### III. *Sufficiency of guilty plea proceedings.*

■ Defendant contends that trial court at the time the guilty plea was taken failed to advise him of the consequences of his guilty plea as required by *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969) and following cases, because he was not informed that a deferred or suspended sentence would not be permitted unless the crime was against property, and that the reduction of the charge "meant no leniency or clemency."

What defendant appears to say in this regard is that trial court, by reason of its hesitancy to grant leniency under these circumstances, in effect had a self-imposed minimum sentence different from that provided by statute, and it should have so advised the defendant. Examination of the plea proceedings, however, shows that the trial court informed the defendant of the range of punishment provided for the offense, from a deferred sentence to a two-year sentence and $5000 fine. This complies with the requirements of Iowa R.Crim.P. 8(2)(b)(2) which requires that he be informed of "[t]he manditory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered."

To have been more specific in this case would, in effect, be a commitment by the court as to the ultimate disposition. Such determinations are to be made after a presentence investigation and review of any other relevant information pertaining to disposition, as provided in section 901.2, Code Supp.1977. To advise the defendant at the time of arraignment of the disposition to be made at time of sentencing is not required.

This is not a case in which the court has refused to abide by a plea agreement struck by counsel for the state and the defendant, in which case the defendant could withdraw his guilty plea under Iowa R.Crim.P. 9(4). Here there was no plea agreement as to disposition, other than that the county attorney agreed to make no recommendations to the court concerning sentencing.

We find no merit in this contention. Disposition of defendant's third issue makes it unnecessary to resolve the State's response in regard to it, that the defendant has failed to preserve his right of appeal on the issue by filing a motion in arrest of judgment under *State v. Reaves,* 254 N.W.2d 488 (Iowa 1977). We have recently held, however, that the motion in arrest of judgment is not required to preserve error claimed in guilty plea proceedings under the new Iowa Criminal Code as it existed at

the time of the arraignment in this case. *State v. Gardner*, 274 N.W.2d 328, 329 (Iowa 1979).

Because we find no error in the guilty plea proceedings, there is no basis for granting the withdrawal of the plea. This matter may be satisfactorily disposed of by the district court by resentencing in accordance with our holding in *Thompson*. As we said in that case, we do not seek to recommend to the sentencing court what the disposition should be. Nor do we say that the sentence in this case was excessive. We only say that whatever the disposition is, if it is based upon the reduction of an original higher charge, the facts must clearly establish that some higher offense was actually committed, not merely that it was charged.

JUDGMENT VACATED AND REMANDED FOR RESENTENCING.