# IN THE COURT OF APPEALS OF IOWA

No. 13-0976
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERROLL ANTOINE TAYLOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Marsha M. Beckelman (plea) and Denver D. Dillard (sentencing), Judges.

        A defendant appeals following his guilty plea, judgment, and sentence for domestic abuse assault—strangulation. **AFFIRMED AND REMANDED.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas G. Maybanks and Nicholas Scott, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VAITHESWARAN, P.J.**

Erroll Antoine Taylor appeals following his guilty plea, judgment, and sentence for domestic abuse assault—strangulation. He contends (1) the district court impermissibly applied a fixed policy in sentencing him and (2) made a clerical error in the written judgment entry.

*I.*      When a court has discretion in sentencing, the court must exercise it. *See State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003). "The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

Taylor asserts that the district court inflexibly chose prison over jail. He relies on the following court statements:

> I'm not a big believer in sentencing people to jail because it incurs a pretty darn big expense that the Sheriff then can try to collect from you. It also is a lot of restricted activity. And so if I'm going to incarcerate someone, I'm more comfortable saying go to prison and have the programs and the freedom within the institution that you don't have in the jail.

Contrary to Taylor's assertion, these statements do not reflect a failure to exercise sentencing discretion. The court explained that it opted for incarceration over a suspended sentence with supervision—one of the options suggested by Taylor's attorney—because of Taylor's criminal history and, specifically, his two prior domestic abuse convictions. The court went on to elaborate its reasoning as follows: "[W]hat concerns me . . . is that you've had two prior domestic abuse convictions, you've had batterer's education, and it didn't stop you from doing this again." After choosing incarceration, the court commented that the term should be served in prison rather than jail because of the programs available in a prison

setting. This was a legitimate consideration that bore on Taylor's prospects for rehabilitation. *See* Iowa Code § 901.5 (2011); *State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012) (noting that serving additional time in county jail rather than prison might delay participation in certain prison programs). The court also cited the added freedom of movement Taylor might have in prison, a consideration that inured to Taylor's benefit but, more importantly, did not implicate the court's discretion in deciding between incarceration or supervised release.

We conclude the district court did not apply a fixed policy in sentencing Taylor. *See Hildebrand*, 280 N.W.2d at 394 ("I have a policy that when there is an accident involved, I do not and will not grant a deferred sentence."); *State v. Jackson*, 204 N.W.2d 915, 916 (Iowa 1973) (stating the court's sentencing discretion is implicated "[w]hen judges adopt a general order that a minimum penalty shall be different than a statute provides").

*II.*     Taylor was originally charged with domestic abuse strangulation causing bodily injury—a class "D" felony—but he pled guilty to the lesser-included offense, domestic abuse by strangulation—an aggravated misdemeanor, in violation of Iowa Code section 708.2A(1), (2)(d). The court cited the correct code subsections but mischaracterized the offense as "assault causing bodily injury—strangulation." The judgment and sentence again mischaracterized the offense as "Assault causing Bodily Injury, Domestic Abuse—Strangulation" and incorrectly cited section 708.2A(2)(a).

Taylor contends the district court may correct these errors via a nunc pro tunc order. *See State v. Hess*, 533 N.W.2d 525, 529 (Iowa 1995) (holding that where "the record unambiguously demonstrates that the error in question was

not the result of judicial intention but was merely clerical in nature, . . . the proper remedy is for the district court to correct the written judgment entry by issuing a nunc pro tunc order"). The State agrees. Accordingly, we remand for entry of a nunc pro tunc order.

**AFFIRMED AND REMANDED.**