# IN THE COURT OF APPEALS OF IOWA

No. 18-0031
Filed August 15, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRANDON HOWARD CORNELISON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

Brandon Cornelison appeals his sentence following his guilty plea to second-degree theft. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Brandon Howard Cornelison pled guilty to second-degree theft. *See* Iowa Code §§ 714.1(4), 714.2(2) (2015). The district court denied Cornelison's request for a deferred judgment, sentenced him to a prison term not exceeding five years, suspended the term, placed him on formal probation for three years, and imposed a fine.

On appeal, Cornelison argues the district court "employ[ed] a fixed sentencing policy rather than making an individualized sentencing determination." Our review is for an abuse of discretion. *See id.* § 901.5 (requiring the court to consider which of the authorized sentences "in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses"); *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999).

The district court provided the following reasons for refusing to grant a deferred judgment:

> [D]eferred judgments are opportunities generally for people who have never been in trouble before. They are either young and don't know any better, or they're older and they've never been in this trouble before, and it's something that, again, is somewhat out of character. Given—given the extent of your criminal record, the fact . . . you'd only been off probation about three months from a prior theft charge when this offense occurred, the Court does not believe that deferral of judgment is appropriate.

The court next explained "the positive things" Cornelison had been doing, as well as factors identified in the presentence investigation report. Based on these factors, the court suspended the prison term.

Contrary to Cornelison's assertion, the district court did not apply a fixed policy against imposition of deferred judgments. *See State v. Jackson*, 204 N.W.2d 915, 916 (Iowa 1973) ("The imposition of the same penalty for every traffic violation of the same classification whether a misdemeanor or infraction, under a predetermined fixed policy cannot satisfy a statutory requirement for the exercise of discretion."). The court exercised its discretion, and we discern no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**