# IN THE COURT OF APPEALS OF IOWA

No. 18-1188
Filed July 3, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRANDON RAY ROSS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Calhoun County, Kurt L. Wilke,
Judge.

Brandon Ross appeals the sentence imposed following revocation of
deferred judgments. **SENTENCE VACATED AND REMANDED FOR
RESENTENCING.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J.
Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney
General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Brandon Ross appeals the sentence imposed following the revocation of three deferred judgments. Ross claims the sentencing court did not exercise its discretion in revoking deferred judgment and imposing prison sentences. We vacate the sentencing order and remand for resentencing.

In November 2017, Ross pled guilty to the crime of theft in the second degree in Calhoun County and was granted a deferred judgment. He had two additional deferred judgments from cases in Webster County. As part of the deferred judgments, he was placed on probation for a period of two years. Ross violated the terms of his probation, was arrested, and appeared for a hearing on a petition to revoke his probation. The district court found Ross had violated the terms of his probation, and a dispositional hearing was scheduled.

At the dispositional hearing, the following exchange occurred between the prosecutor and the court:

> MR. BALDRIDGE: Your Honor, in FECR355498, the underlying charge was possession with intent; and in FECR355495, the underlying charge was burglary in the third degree.
> THE COURT: And he got deferreds on burglaries? Wow. Who gave the deferred on a burglary?
> MR. BALDRIDGE: As far as the judge?
> THE COURT: Yeah. You tell me it's me, I'll go cut my wrists.
> . . . .
> THE COURT: Okay. Well, all I can see, Mr. Ross is very lucky to get that and he screwed it up because I would never have given a deferred on a burglary charge. Anyway, go ahead.
> MR. BALDRIDGE: Calhoun County FECR505446, the underlying was theft second and he also received a deferred judgment on that.
> THE COURT: Wow, unbelievable. Okay. All right. So anyway—so probation was revoked, the deferreds were revoked, all three of them?

MR. BALDRIDGE: The deferreds have not yet been revoked. The defendant admitted the violations, and we're here today for the dispositional hearing.

The State argued Ross's deferred judgments should be revoked and concurrent prison terms be imposed. The defense noted Ross was a "very young man" with family support and a new wife. He was employable if he was able to be released from custody. The defense asked the court not to revoke the deferred judgments or, in the alternative, give him credit for the time spent in jail (seventy days) and place him on probation.

After the defendant's allocution, the court sentenced Ross, stating, "Okay. Well, I guess I could go on at length talking about when somebody gets a deferred and they screw up, I feel it's an automatic prison sentence and that's the way it's going to be today too." The court revoked the deferred judgments and sentenced Ross to a term of incarceration not to exceed five years on the Calhoun County charge, which was to be served consecutively with two Webster County concurrent terms.

Our review of a district court's sentence is limited to the correction of legal error. *State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). When the sentence imposed falls within the statutory limits, we review for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

A sentencing court must actually apply its discretion. *State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973). It must consider the factors of each case as they come and may not institute a rigid policy for sentences depending on a particular factor of the defendant's circumstances. *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977).

A sentencing court may not select only one attending circumstance to trigger a fixed sentencing policy; rather, sentencing courts must give due consideration to all circumstances in the case. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). In *Hildebrand*, the defendant pled guilty to operating under the influence. 280 N.W.2d at 394. The district court denied the defendant's request for a deferred sentence, stating, "I have the policy that when there is an accident involved, I do not and will not grant a deferred sentence." *Id.* at 395. On appeal, the supreme court held the fixed policy precluded the sentencing court's discretion and remanded the matter for resentencing. *See id.* at 397.

Similarly, in *State v. Lachman*, No. 09-0630, 2010 WL 200819, at *1 (Iowa Ct. App. Jan. 22, 2010), the district court explained it would not grant a deferred judgment because deferred judgments were appropriate for "people who maybe are young and have made a mistake or who might lose permanently some job or some benefits if they have judgment entered against them and who have otherwise clean records." 2010 WL 200819, at *2. This court held the district court's statements evidenced a policy regarding deferred judgments, vacated the sentence, and remanded for resentencing. *See id.*

The State acknowledges the judge was not careful with his language at the dispositional hearing but argues it was a product of "unfortunate phraseology" and not a fixed sentencing policy. *But see State v. Nichols,* 247 N.W.2d 249, 255 (Iowa 1976) ("The trial court's remarks . . . cannot be shrugged off as merely 'unfortunate phraseology'"). The State asserts the district court appropriately applied the applicable sentencing factors in its sentencing order:

The court grants this sentence because it provides for defendant's rehabilitation and the protection of the community. The court has considered the sentencing recommendation of the parties and the circumstances of the case, including the criminal history, employment, and other circumstances pertaining to the defendant.

Indeed, when the record of the sentencing hearing does not state the reasons for selecting a particular sentence, the reasons given in a written judgment entry may be sufficient for appellate review of the sentencing court's discretionary action. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). The language of the dispositional order is "terse and succinct." "A terse and succinct statement is sufficient, however, only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citing *State v. Victor,* 301 N.W.2d 201, 205 (Iowa 1981) (noting it was "clear from the trial court's statement exactly what motivated and prompted the sentence".)

We note the dispositional order in this case was electronically filed by another district judge who did not preside at the hearing. The record of the judge's statements at the dispositional hearing is devoid of any consideration of the required sentencing factors.[1] The court failed to state any reason for running the

---

[1] As stated in *State v. Formaro*:

In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. *See* Iowa Code § 901.5 (1999). It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as

Calhoun County sentences consecutive to the Webster County sentences.[2]  As a result, we are unable to discern exactly what motivated and prompted the sentence other than the district court's stated policy.  *Victor*, 301 N.W.2d at 205.

We conclude the district court failed to exercise its discretion in sentencing Ross.  The district court's comments concerning "an automatic prison sentence" and the declaration that "I would never have given a deferred on a burglary charge" evidence a lack of consideration of the individual circumstances of a defendant.  Instead, the court applied a fixed sentencing policy.

We thus vacate the sentence and remand for resentencing before a different judge.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

which of the sentencing options would satisfy the societal goals of sentencing.  [*State v.*] *Pappas,* 337 N.W.2d [490,] 493 [(Iowa 1983)] (identifying factors listed in section 907.5 (standards for release on probation)).

638 N.W.2d 720, 724–25 (Iowa 2002).

[2] *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) ("We encourage sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly refer to any applicable statutory presumption or mandate. Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration.").