# IN THE COURT OF APPEALS OF IOWA

No. 19-0740
Filed February 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SALEH ALI NASR,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Christopher L. Bruns, Judge.

Saleh Nasr appeals the sentence imposed upon his conviction of attempted burglary in the second degree. **SENTENCE VACATED AND REMANDED**.

Alfredo Parrish of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., May, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

Saleh Nasr pled guilty to attempted burglary in the second degree. At sentencing, Nasr argued for the imposition of a deferred judgment. The State took no position. In imposing sentence, the court noted its consideration of Nasr's prospect for rehabilitation; protection of the community; deterrence; the nature of the offense; Nasr's age; his education, employment, and family circumstances; and the recommendation contained in the presentence investigation report (PSI).[1] The court also noted it considered the relevant portions of the victim impact statements to the extent it did not disavow them.

In choosing whether to grant Nasr's request for a deferred judgment, the court explained:

> [Y]ou appeared in front of me very early in this case . . . . I am confident I told you as part of these proceedings that you need to do what [your counsel] told you to do and that bad things were going to happen if you didn't listen to what [he] told you to do.
> You then proceeded to commit a number of violations of your pretrial release. To the extent those involve alleged crimes that you haven't been convicted for and you won't be convicted for I'm not relying to any extent on those alleged violations, but there were separate and distinct violations of your pretrial release.
> . . . .
> I believe that a primary reason why you have stayed out of trouble since you entered your guilty plea is there is a gigantic hammer hanging over your head and you know this case is assigned to me and you know that hammer will fall if you don't stay out of trouble. I hope that you have turned over a new leaf and that your brain is maturing and that you are realizing that you may have some different perspectives due to your culture than are accepted in America with regard to select issues, but I have no definitive way of knowing whether that is the case or whether your relatively good behavior is because of the hammer. My guess is that it's some of both.

---

[1] The court had previously disavowed significant portions of the PSI and therefore explained it placed little weight on the recommendation contained therein.

> *I generally reserve deferred judgments for defendants who have convinced me from early in the life of their case that they see the error of their ways.  And I view those as folks who have earned a chance to expunge their record and not have a felony conviction on their record, folks who have made a mistake and have very quickly realized it was a mistake and tried to correct their ways.*
>
> I generally view prison as a solution for folks who have either committed such heinous acts that to protect society they need to be incarcerated or folks who have a history or a presentation that is such that my concern is if I don't incarcerate them, society will not be safe either from property crimes or crimes against persons.
>
> I would say, Mr. Nasr, that you fall between those two points.  I do not think you have earned a deferred judgment in this case*.  I would not sleep well at night giving you a deferred judgment knowing that other people for whom I have denied a deferred judgment and for whom I will likely deny deferred judgments going forward.*  On the same token, I would not sleep well sending you to prison knowing that you're a young man who likely does not have a mature brain, who for the last several months has managed to stay out of trouble which gives me good reason to believe you can stay out of trouble going forward assuming there is sufficient motivation for you to do so.

(Emphasis added.)  The court ultimately sentenced Nasr to a suspended term of imprisonment not to exceed five years and placed Nasr on probation for three years.  In its written sentencing order, the court explained:

> The reasons for this sentence are the Defendant's age, employment, family circumstances, prior record, the facts and circumstance of this offense, contents of the Presentence Investigation Report exclusive of those disavowed by the court, and the belief that this sentence will provide the greatest benefit to the Defendant and the community. The court did not grant Defendant the requested deferred judgment because, even excluding charged but unproven criminal conduct since his initial arrest, his history of pretrial violations of conditions of release and the nature of this offense were such that a deferred judgment was not merited.

Nasr now appeals, arguing the sentencing court abused its discretion by applying a personal and inflexible sentencing policy as to deferred judgments.[2]

---

[2] Nasr alternatively argues the court considered improper information in sentencing.  Given our disposition, we need not reach the issue.

Nasr argues the following language shows the court operated under a fixed sentencing policy that essentially dissolved the court's exercise of discretion:

> I generally reserve deferred judgments for defendants who have convinced me from early in the life of their case that they see the error of their ways. And I view those as folks who have earned a chance to expunge their record and not have a felony conviction on their record, folks who have made a mistake and have very quickly realized it was a mistake and tried to correct their ways.
> . . . .
> . . . . I would not sleep well at night giving you a deferred judgment knowing that other people for whom I have denied a deferred judgment and for whom I will likely deny deferred judgments going forward.

The State counters that courts are allowed to take general stances on particular sentencing issues so long as the court considers the particular facts of the case at sentencing.

"When a sentencing court has discretion, it must exercise that discretion." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). Sentencing courts are "not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (quoting *State v. Jackson,* 204 N.W.2d 915, 916 (Iowa 1973)). Instead, "the punishment must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative." *Id.* (quoting *State v. McKeever,* 276 N.W.2d 385, 387 (Iowa 1979)). The court is to consider "available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant." *Id.* (quoting *State v. Robbins,* 257 N.W.2d 63, 70 (Iowa 1977)).

This case is strikingly similar to one in which a defendant claimed the sentencing court "did not grant him a deferred judgment because he did not fit the court's fixed policy of who was eligible to receive a deferred judgment." *State v. Lachman*, No. 09-0630, 2010 WL 200819, at *1 (Iowa Ct. App. Jan. 22, 2010). While, as here, the sentencing court in that case stated its consideration of relevant sentencing factors specific to the defendant's sentence—his personal circumstances, the nature of the crime, and the need to protect the community— the court stated the defendant did not meet the categorical criteria for individuals it granted deferred judgments, "people who maybe are young and have made a mistake or who might lose permanently some job or some benefits if they have judgment entered against them and who otherwise have clean records." *Id.* at *2. While we doubted the court employed a fixed policy, we found the court's words gave the appearance of such a policy and took the cautionary course of vacating the sentence and remanding for resentencing. *See id.*

In this matter, the court applied a categorical policy in imposing sentence. Because Nasr fit the mold of other defendants to whom the court had previously refused to grant deferred judgments and would continue to refuse to grant deferred judgments in the future, the court denied Nasr a deferred judgment. Upon our review, we conclude "it was error to categorically exclude the possibility without making an *individualized* sentencing decision." *Cf. State v. Kirk*, No. 16-1930, 2017 WL 2875695, at *2 (Iowa Ct. App. July 6, 2017) (emphasis added). The court should have rested its determination on Nasr's circumstances only, not those of other defendants. While this is a close case, the court's words, at a minimum, give

the appearance of a fixed sentencing policy.  As a result, we again choose to take the cautious route and vacate the sentence and remand for resentencing.

**SENTENCE VACATED AND REMANDED**.