**IN THE COURT OF APPEALS OF IOWA**

No. 19-0965
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JENNIFER SUE MOHLIS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Bremer County, Chris Foy, Judge.

Jennifer Mohlis appeals her sentence for first-degree theft. **AFFIRMED.**

Kevin D. Engels of Correll, Sheerer, Benson, Engels, Galles & Demro, PLC, Cedar Falls, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Jennifer Mohlis pled guilty to first-degree theft in connection with the embezzlement of over $161,000 from the company with which she was employed.[1] *See* Iowa Code § 714.2(1) (2017). The prosecutor recommended "the defendant be sentenced to a ten-year prison term, that [the] prison term be suspended, and [Mohlis] be placed on probation for a period of two to five years." The prosecutor noted that Mohlis "agreed to pay victim restitution of $162,999.73" and had placed in trust with the clerk of court "the amount of $161,622.97." Defense counsel expressed "agreement with the State's recommendation." The preparer of the presentence investigation report similarly recommended "suspension of the period of confinement." The district court sentenced Mohlis to a prison term not exceeding ten years but declined to suspend the sentence.

On appeal, Mohlis contends the district court "consider[ed] facts not in evidence as a reason supporting its sentencing decision." "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Mohlis takes issue with the district court's references to the proliferation of embezzlement crimes and the likelihood that the trend would continue if the court simply imposed suspended sentences. The pertinent language was as follows:

> [I]n sentencing somebody, the court needs to make sure it's a sentence that will let the community at large know what's happened here is serious and carries serious consequences. And my general sense has been that these types of crimes have become more

---

[1] The supreme court lifted a stay of the appeal after concluding recent changes to Iowa Code section 814.6 that limit direct appeals from guilty pleas do "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

common. And I don't have any empirical data in this to back that up, ma'am; but I do believe that over the last five, ten years, I have observed, presided over many more cases where an employee has embezzled or stolen from an employer than what I observed, what my memory is from when I started as an attorney back in the late '80s and early '90s.

And I can't in good conscience, ma'am, totally suspend your sentence. I feel fairly confident that you will be rehabilitated. I believe that you are sincerely remorseful and sorry for what you've done. But this is, in my opinion, probably the only opportunity I get to make sure the deterrence goal of sentencing is accomplished. And it is my opinion that if I would grant you a fully suspended sentence, your sentence will serve as no deterrent to anyone else. And as I say, the crime that you've committed here took planning, and it took intent over a period of time. And typically that's how these types of crimes are committed. Somebody is a trusted employee, they take advantage of that trust and then go on to benefit themselves at the cost of their employer. My sense is that if somebody else sees that as a possible way to get a little more spending money for their—for their family, for whatever purpose, and they feel that worst case scenario I'm going to get a suspended sentence, I don't know that we're going to be able to—going to see anything different happening to the trend of more and more embezzlements taking place. So ma'am, I'm not saying that I believe the full indeterminate term allowed by law is appropriate. I'm going to specifically provide for the possibility of reconsideration of the sentence after a period of time. But I think unless and until the public realizes that this type of crime carries with it the real likelihood of a prison sentence, the financial sting or the damage to somebody's reputation by itself is just not enough to avoid a reoccurrence of this type of crime.

As the court stated, deterrence of others is a legitimate sentencing consideration. *See* Iowa Code § 901.5 (authorizing consideration of the sentence that "will provide maximum opportunity . . . for the protection of the community from further offenses by the defendant and others"). At the same time, a court cannot apply a "fixed policy to govern every case." *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (quoting *State v. Jackson*, 204 N.W.2d 915, 916 (Iowa 1973)).

The court came perilously close to applying a fixed policy against suspended sentences in embezzlement cases, when the court stated "if . . . they feel that [in the] worst case scenario I'm going to get a suspended sentence, I don't know that we're going to be able to—going to see anything different happening to the trend of more and more embezzlements taking place" and "the financial sting or the damage to somebody's reputation by itself is just not enough to avoid a reoccurrence of this type of crime."  But the court stopped short of saying suspended sentences would not be granted in those types of cases.  We have declined to vacate sentences where courts used similar language.  *See State v. Horst*, No. 17-1171, 2018 WL 542638, at *2–3 (Iowa Ct. App. Jan. 24, 2018) (determining "the sentencing court did consider community deterrence" when the court stated "[w]e have a problem in this country and it's no secret that texting while driving . . . is causing a lot of accidents . . . . [a]nd so from a deterren[ce] standpoint I'm not—I'm not very comfortable with the idea of probation because I think it sends the wrong message to the community about this type of crime" but concluding the court "did not place too much weight on that factor alone and considered all pertinent matters in determining Horst's sentence"); *State v. Horak*, No. 16-1697, 2017 WL 4324791, at *2 (Iowa Ct. App. Sept. 27, 2017) (declining to vacate sentence where court stated a refusal to impose consecutive sentences "sends the wrong message to you and the wrong message in general" after concluding "[t]he sentencing court's consideration of deterrence falls within its mandate to impose a sentence that 'protect[s] . . . the community from the further offenses by the defendant and others'" (citation omitted)); *cf. Hildebrand*, 280 N.W.2d at 395 (vacating sentence where court stated, "I have the policy that when there is an

accident involved, I do not and will not grant a deferred sentence"); *State v. Nasr*, No. 19-0740, 2020 WL 824182, at *2–3 (Iowa Ct. App. Feb. 19, 2020) (concluding the court's statements that it "generally reserve[d] deferred judgments for [certain] defendants" and the court's comparison of his situation to other defendants who were denied deferred judgment amounted to a "categorical policy"); *State v. Ross*, No. 18-1188, 2019 WL 2872324, at *3 (Iowa Ct. App. July 3, 2019) (concluding "[t]he district court's comments concerning 'an automatic prison sentence' and the declaration that 'I would never have given a deferred on a burglary charge' evidence a lack of consideration of the individual circumstances of a defendant. Instead, the court applied a fixed sentencing policy"); *State v. Kirk*, No. 16-1930, 2017 WL 2875695, at *2 (Iowa Ct. App. July 6, 2017) (concluding the district court applied a fixed policy when the court stated, "[T]here are some crimes that are so serious that it's not appropriate even for someone that doesn't have a prior criminal history to receive a [d]eferred judgment"); *State v. Wygle*, 12-1307, 2013 WL 2145771, at *3 (Iowa Ct. App. May 15, 2013) (concluding district court abused its discretion when court stated, "The fact that you yourself had been abused causes the Court concern. I couldn't cite you the particular statistics but the Court's understanding is that somebody who has been abused as a child is significantly more likely to then abuse others and abuse other children than somebody who didn't undergo that kind of abuse as a child"). We conclude the court did not apply a fixed policy and we affirm the district court's sentence.

**AFFIRMED.**