# IN THE COURT OF APPEALS OF IOWA

No. 20-0965
Filed June 30, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAMANTHA A. WILSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County Linda M. Fangman, Judge.

Samantha Wilson appeals the sentences imposed upon her criminal convictions. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

Samantha Wilson appeals the sentences imposed, following guilty pleas,[1] upon her convictions of intimidation with a dangerous weapon and going armed with intent. She argues the court abused its sentencing discretion by employing a fixed sentencing policy, relying only on the nature of the offenses, and relying on unproven facts and uncharged conduct. She also argues implicit racial bias had an impact on the sentences imposed.

## I.     Background

At the guilty plea hearing, as to count one, Wilson agreed she threatened to shoot or discharge a dangerous weapon at an occupied vehicle thus placing the vehicle's occupant under a reasonable and actual fear of being seriously injured and that the threat to shoot or discharge the dangerous weapon would be carried out. As to count two, Wilson agreed she, without justification, went armed with a dangerous weapon with specific intent to use it against another. Wilson agreed the minutes of evidence and attachments were substantially true and the court could consider them in developing factual bases for the pleas. Later, Wilson agreed, in conjunction with the court's interpretation of the minutes of evidence, she fired a warning shot into the air and then pointed a firearm at the occupied vehicle. The minutes of evidence disclosed Wilson fired one or two warning shots into the air, and then pointed the firearm at the vehicle, and then fired an additional shot at the vehicle.

---

[1] The State agrees Wilson has good cause to appeal because she is challenging the sentences imposed as opposed to her pleas. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

The matter proceeded to sentencing. The State recommended the imposition of consecutive sentences. Wilson requested a deferred judgment, pointing to her lack of criminal history, her young age, her pregnancy, her taking responsibility, and the recommendation for a deferred judgment contained in the presentence investigation report. In her victim impact statement, the victim requested Wilson be denied a deferred judgment but not be punished to the maximum extent allowed by law.

In reaching its sentencing decision, the court stated as follows:

> I am required to state on the record my reasons for selecting a particular sentence. The Court is considering the factors set out in Section 907.5 of the Code of Iowa. The Court is specifically considering what sentence will provide a maximum opportunity for rehabilitation for the defendant as well as providing maximum protection for the community.
>
> Ms. Wilson, I am considering the fact that you don't have a criminal history. I'm considering your age, your education, your needs, and the needs of society. I am also considering the nature of this offense. The Court has no tolerance for gun violence. Plain and simple.
>
> In this particular case you shot not once, but twice. You could have seriously injured or killed [the victim]. I'm not saying the first shot was appropriate, but at least the first shot was in the air, though common sense tells you what goes up has to come down. But the second shot you turned to her vehicle and fired in that direction.
>
> You could have killed her. You could have killed some innocent, uninvolved person. When you shot that second bullet, where did you think it was going to go? It has to stop somewhere, and you apparently did not care or consider that.
>
> I'm also considering that you were not in danger. You were not justified. You were mad. Plain and simple. You yourself acknowledged that she was in her car in the street in front of your house, and you clearly were able to retreat to your house because you did retreat to your house to get a weapon.
>
> The Court is considering all of those factors. The Court does not believe that a deferred judgment is appropriate based on the facts and circumstances of this case. In fact, a deferred judgment lessens the seriousness of this entire situation. Based on your lack of criminal history, I do not believe that the most severe or maximum punishment is also necessary.

Pursuant to the foregoing factors and section 901.5, the court sentenced Wilson to two indeterminate terms of incarceration not to exceed five years each, to be served concurrently. Wilson appeals.

## II. Standard of Review

When a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

## III. Analysis

### A. Fixed Sentencing Policy

Wilson points to the court's statement at sentencing that "it has no tolerance for gun violence. Plain and simple." She argues this "statement exhibited a fixed policy to impose prison sentences for gun-related charges, despite its discretion to grant probation."

We agree with Wilson that sentencing courts are "not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of

discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (quoting *State v. Jackson*, 204 N.W.2d 915, 916 (Iowa 1973)). Instead, "the punishment must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative." *Id.* (quoting *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979)). The court is to consider "available options, to give due consideration to all circumstances in the particular case, and to exercise that option which will best accomplish justice both for society and for the individual defendant." *Id.* (quoting *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977)).

A fixed policy is one that creates a rule based upon one factor to the exclusion of other factors that are required to be considered in sentencing. *See id.* Upon our review, we agree with the State that the challenged statement did not represent a fixed sentencing policy but was rather a communication of "the serious[ness] of Wilson's crimes in frank language." This was not a categorical policy that all defendants with gun-related convictions should be imprisoned, as opposed to receiving a suspended sentence or deferred judgment, as has been the case in other matters and requiring reversal. *See, e.g.*, *Hildebrand*, 280 N.W.2d at 395–96 (finding court's statement of its "policy that when there is an accident involved, I do not and will not grant a deferred sentence" was a failure to consider the minimal essential sentencing factors and impermissible selection of "only one an attending circumstance which triggered the court's previously-fixed sentencing policy"); *State v. Nasr*, No. 19-0740, 2020 WL 824182, at *2 (Iowa Ct. App. Feb. 19, 2020) (finding policy of reserving deferred judgments for defendants and court's denial of the same for a "defendant who did not meet the categorical

criteria for individuals it granted deferred judgments" was an abuse of discretion); *State v. Kirk*, No. 16-1930, 2017 WL 2875695, at *2 (Iowa Ct. App. July 6, 2017) (same) *State v. Lachman*, No. 09-0630, 2010 WL 200819, at *2 (Iowa Ct. App. Jan. 22, 2010) (same).

Here, the court did not announce a fixed rule based on one factor to the exclusion of others. *See Hildebrand*, 280 N.W.2d at 396. The court noted its consideration of the pertinent sentencing factors contained in Iowa Code sections 901.5 and 907.5. While the court stated its reasonable lack of tolerance for gun violence, it also went on to address the individualized circumstances of Wilson's conduct and why those circumstances are troublesome and weighed in favor of imposing a prison sentence. The court fashioned its sentence to both the crime and individual and therefore did not abuse its discretion. *See id.* We reject Wilson's sentencing challenge on this point. For the foregoing reasons, we also reject Wilson's claim the court improperly relied only on the nature of the offense, and that even if the court did not specifically mention every single mitigating factor, it was not "required to specifically acknowledge each claim of mitigation urged by the defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

B.      Unproven Facts and Uncharged Conduct

Next, Wilson argues the court abused its discretion by relying on unproven facts. "[A] sentencing court cannot consider unproven [facts] in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Fetner*, 959 N.W.2d 129, 135 (Iowa 2021). As to this argument, Wilson points to the court's statements about Wilson being mad or angry during her altercation with the victim.

Upon our review of the facts before the district court, we conclude the inference that Wilson was mad or angry was fair game. At the plea hearing, Wilson admitted she took a firearm from her residence and took it outside with the specific intent to threaten and use it against the victim. While, on appeal, Wilson takes the position the record shows she was in fear of the victim, exiting the home to pursue the victim leads to a different inference. And Wilson also agreed to take responsibility for her actions and that she was not justified. Upon these admissions, "it was completely reasonable for the court to presume [Wilson] was 'angry,'" and they relate to the nature of the offense and were properly considered. *Cf. State v. Hildebrandt*, No. 01-1581, 2003 WL 118251, at *3 (Iowa Ct. App. Jan. 15, 2003).

As to uncharged conduct, Wilson complains of the sentencing court's statements that her conduct could have resulted in the serious injury or death of the victim or another involved person. She argues because she was charged with intimidation with a dangerous weapon and going armed with intent as opposed to a homicide offense or a felonious assault, these facts were out of play. But as the State points out, "The district court did not consider that Wilson did seriously injure or kill someone, but rather that she could have," which is part of the nature of the offense and was in no way inappropriate for the district court to consider." These facts also had a bearing on the court's determination of the need for protection of the community and deterrence of similar conduct. *See* Iowa Code § 901.5. We reject Wilson's sentencing challenge on this point as well.

C.      Implicit Bias

Wilson argues "a sentence motivated by any type of bias is unjust, including a sentence impacted by implicit racial bias."  She provides an overview of implicit bias and its effects, discusses evidence of disparate treatment based on race across Iowa, and urges "changes are necessary."  However, she agrees, "In the instant case, there is admittedly no evidence of explicit racial bias on the available record."  But she claims, "That does not mean that implicit racial bias wasn't present in Wilson's case from the inception."  She essentially goes on to ask us to link together a chain of speculation based on circumstantial matters, some of which appear to be outside the record on appeal, and rule her sentence unjust.  Absent an affirmative showing of implicit bias, we will not disturb the sentence imposed. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).

**IV.    Conclusion**

Finding no cause for reversal on the issues presented for our review, we affirm the sentences imposed.

**AFFIRMED.**