# IN THE COURT OF APPEALS OF IOWA

No. 24-0733
Filed October 15, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALICE JULIA COON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.


        Alice Coon appeals the sentence imposed on her conviction for possession of a controlled substance, third offense, as a habitual offender.  **AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., Buller, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Alice Coon appeals the sentence imposed for possession of a controlled substance, third offense, as a habitual offender. Coon contends the district court abused its discretion by imposing a prison sentence solely because she was not in drug treatment at the time of sentencing. Although the district court considered Coon's failure to seek treatment, the court reviewed several sources of information, unrelated to her substance-use treatment history, in imposing sentence. Finding no abuse of discretion, we affirm.

## I.      Background Facts and Proceedings

Coon pled guilty to possession of a controlled substance, third offense, as a habitual offender. At the sentencing hearing, the State recommended Coon be incarcerated because of her status as a habitual offender and failed rehabilitation efforts. When asked by the court if she had anything to say, Coon explained she wanted to improve her life to be present for her grandchildren but admitted she was not presently in treatment for her drug addiction. Ultimately, the court imposed a term of imprisonment, explaining as follows:

> . . . Ms. Coon, it is my duty under the law to review what is available to me in terms of community resources and to determine the appropriate rehabilitative plan for you and also to consider the public must be protected. I have considered the seriousness of the crime, the effect the crime has upon members of the community, your willingness to accept change and treatment, and the information contained within the Presentence Investigation Report [(PSI)], not giving any consideration to any entries in the PSI that do not contain an admission of guilt or a conviction.
> I have considered the fact that you are not in treatment right now, even though you acknowledge that you have a serious drug problem—I assume based on your criminal history that that's something that you would not deny—and that you have not taken any proactive steps to address that, despite the fact that you're facing the possibility of fifteen years in prison.

> So pursuant to your plea of guilty to the charge of Count 1: Possession of a Controlled Substance, Third Offense . . . it is the judgment and sentence of the Court that you should be and are hereby committed to the custody of the Director of the Iowa Department of Corrections for a period not to exceed 15 years with a mandatory minimum three years . . . .

Coon appeals.

## II. Standard of Review

We review the imposition of a sentence following conviction for legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When, as here, the sentence is within statutory parameters, we review for abuse of discretion. *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024).

## III. Discussion

Coon's sole argument on appeal[1] is the district court impermissibly considered a single factor, her failure to pursue treatment for her substance-use, when imposing her sentence.

Iowa Rule of Criminal Procedure 2.23(2)(f) requires the sentencing court give reasons, on the record, for the sentence selected. The explanation need not be detailed but sufficient to allow for review on appeal. *State v. Oliver*, 588 N.W.2d 412, 414 (Iowa 1998). The sentence "must fit the particular person and circumstances under consideration; each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely

---

[1] We have jurisdiction to hear Coon's appeal because Coon has established good cause by challenging the sentence imposed, which was not mandatory nor an agreed term of a plea deal. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

determinative." *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979). "The court cannot consider rehabilitation to the exclusion of other factors." *State v. Flournoy*, No. 21-0903, 2022 WL 610452, at *2 (Iowa Ct. App. Mar. 2, 2022). It is enough if the record reveals

> the court had before it several sources of information and that it considered other relevant factors, such as the [PSI], lack of positive response by the defendant . . . , rehabilitative effects of incarceration as opposed to other alternatives, and protection of the community, as well as the nature of the offense.

*McKeever*, 276 N.W.2d at 388.

Coon's failure to pursue treatment was a primary factor for the sentence; however, after reviewing the record, we find the court weighed several relevant factors in selecting Coon's sentence. *See* Iowa Code § 901.5 (2024) (providing the court must decide what "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others" when selecting an appropriate sentence); *State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023) (noting "the court must consider the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform" (cleaned up)). Specifically, the court considered "the seriousness of the crime," "the effect the crime has upon members of the community," and "the information contained" in the PSI. Finding no abuse of discretion, we affirm.

**AFFIRMED.**