# IN THE COURT OF APPEALS OF IOWA

No. 23-0925
Filed May 22, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TERRY DEAN ERICKSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,
Judge.

A defendant appeals the district court sentencing order. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Terry Erickson appeals his indeterminate thirty-year sentence imposed by the district court following a plea of guilty.  He argues the court abused its discretion by only considering the nature of the offense to the exclusion of other relevant factors.

## I.  Background Facts and Prior Proceedings

In 2022, Erickson was charged with five felonies related to controlled substances.  As part of a plea agreement, Erikson pled guilty to possession of methamphetamine with intent to deliver, second or subsequent offense, a class "C" felony.  There was no agreement reached as to the sentence, and both parties were free to make sentencing recommendations at the hearing.

Because this was a second or subsequent offense, Iowa Code section 124.411 (2022) recites that "[a]ny person convicted . . . may be punished by imprisonment for a period not to exceed three times the term otherwise authorized."  Erickson requested a term of ten years, while the State asked the court to impose a sentence not to exceed thirty years.  The court imposed an indeterminate term of incarceration not to exceed thirty years.  Erickson appeals.

## II.  Standard of Review

We review the sentence in a criminal case for errors at law, but "the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "An abuse of discretion will not be

found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

## III. Sentence

Erickson argues the district court improperly considered only a single factor, the nature of the offense, in sentencing him to the maximum allowable indeterminate term of incarceration. He does not dispute that the sentence could not be suspended and does not argue the sentence was outside that permitted by statute.

In sentencing a defendant, the court should "consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Id.*

> The trial court . . . should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (quoting *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967)). Further, "each decision must be made on an individual basis, and no single factor, including the nature of the offense, will be solely determinative." *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979). And the Iowa Rules of Criminal Procedure require the court to state its reason for a particular sentence on the record. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). However, "[w]hile the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's

sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)).

In this case, the court stated:

> The Court has also reviewed the presentence investigation report [(PSI)]. Based upon the information contained within that report, most notably, as noted by the State, the defendant's criminal history and his prior conviction for—I believe, if I'm—I think it was a class "B" level possession or at least it was a 25-year sentence according to the PSI. Mr. Erickson, I don't accept your position that your eyes have been opened and that things will be much better now that you've had a chance to think about things. I think you have not addressed these matters when given the chance both in the community and previously in the Department of Corrections. And I believe that the best way for you to pursue whatever path toward rehabilitation your life may take you will be in not only the Department of Corrections as the mandatory option for today but for the maximum amount of time available under the statute, which is a triple enhancement for a 30-year sentence. And it will be up to you to make whatever progress there is to make and convince the Board of Parole whenever that time will be when you'll be back in the community. But to the degree I have any say in the matter, I am going to impose the maximum sentence today for the reasons that I've noted.

Erickson argues this statement shows the court considered only the nature of the offense in sentencing him, and therefore reversal is required. *See State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) ("The nature of the offense alone cannot be determinative of a discretionary sentence.")

We disagree. First, the court specifically stated at the sentencing hearing its consideration of the PSI. The consideration of the PSI includes consideration of its contents. *See State v. Wright*, No. 21-1821, 2023 WL 152773, at *3 (Iowa Ct. App. Jan. 11, 2023) ("The court specifically noted its consideration of the contents of the presentence investigation report, which would include its recommendation."). The court also stated its consideration of Erickson's criminal

history, which it noted was included in the PSI, and the court stated why it believed the sentence imposed was necessary for Erickson's rehabilitation. The court's written sentencing order reflected that the court considered the defendant's age, prior record of convictions and deferments of judgment, if any; the defendant's mental health and substance-use history and the treatment options available in the community and the correctional system; the nature of the offense committed; the plea agreement; and statutory sentencing requirements.

Despite these additional stated considerations, Erickson argues the "[t]he record does not indicate serious consideration of any other 'minimal essential factors' by the court." Even though a court must state more than "boilerplate" reasoning, a "terse and succinct" statement is sufficient. *Thacker*, 862 N.W.2d at 408 ("'The court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted.' We concluded such language, standing alone, did not satisfy the requirement." (quoting *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (en banc))). And placing "greater importance on one sentencing consideration over others" is not an abuse of discretion. *See State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011).

The court stated a consideration of factors other than just the "nature of the offense" in sentencing Erickson. This included the PSI, his criminal history, and rehabilitation of the defendant. The court sufficiently considered factors beyond the nature of the offense and properly exercised its discretion. *See McKeever*, 276 N.W.2d at 387–88. Accordingly, we affirm.

**AFFIRMED.**